IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| J.C., a minor, B.C., a minor, and Mr. R.C. and Mrs. M.C., in their own right,<br>Plaintiffs,<br><br>v.<br><br>GREENSBURG-SALEM SCHOOL DISTRICT<br>Defendant. | Civil Action No. 2:18-cv-01683-MJH<br><br>Judge Marilyn Horan |

## MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) AND RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Defendant, Greensburg-Salem School District, by and through its attorneys Russell Lucas, Esquire, Patricia Andrews, Esquire, and the law firm of Andrews & Price, files the following Motion to Dismiss pursuant to Rules 12(b)(1), 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure.

1. Plaintiffs are J.C., a minor, B.C., his brother, and their parents, Mr. R.C. and Mrs. M.C. J.C. and B.C. were previously students in the Greensburg-Salem School District (hereinafter the "District") and J.C. was identified as a child eligible for special education under the IDEA.

2. J.C. is a fifteen year-old student who presently attends a cyber charter school, and he is eligible for special education on the basis of diagnoses of Autism Spectrum Disorder and learning disabilities related to math calculation and problem-solving, and he also has a speech and language disorder.

3. Plaintiff filed a Due Process Complaint against the District alleging violations of IDEA, which Complaint was heard by a Special Education Hearing Officer, who entered a written

Decision on the Complaint with a decision date of February 2, 2018 (hereinafter the "Decision"). The Decision is attached as Exhibit #A to Plaintiffs' Complaint.

4. In the Decision, the Hearing Officer found that the District denied J.C. a free, appropriate public education (FAPE) from the period of time beginning February 17, 2015 through the end of the 2014-2015 school year, excluding ESY programing, and awarded J.C. six (6) hours of compensatory education for each day school was in session from February 17, 2015 through the end of the 2014-2015 school year, and imposed conditions and limitations on the compensatory education.

5. The Decision found in favor of the Plaintiffs that the District discriminated against J.C. through deliberate indifference. Decision at page 25.

6. Plaintiffs filed their Complaint with this Court on December 19, 2018, alleging nine (9) counts against the District sounding in violations of Section 504 of the Rehabilitation Act of 1973 and the Americans with Disabilities Act as to J.C. (Counts I and II), violations of Section 504 of the Rehabilitation Act of 1973 and the Americans with Disabilities Act as to J.C.'s parents, Mr. R.C. and Mrs. M.C. (Counts III and IV), violation of 42 U.S.C. §1983 for breach of a custodial relationship (Count V), violation of the 14th Amendment related to state-created danger (Count VI), violation of 42 U.S.C. §1983 as to Mr. R.C. and Mrs. M.C. and violation of a liberty interest (Count VII), violation of Title IX (Count X [sic]) and a claim for attorneys' fees (Count XI [sic]).

7. While Count VI specifically attempts to state a cause of action for violation of § 1983 by the District, the "Wherefore" paragraphs concluding each of the six counts of Plaintiff's

Complaint demands entitlement for damages for violation of "Section 1983 of the Civil Rights Act."

8. On February 5, 2015, when J.C. was in the fourth grade, he reported to his learning support teacher that a peer on the school bus had touched him in a sexual manner, and J.C. repeated this claim to his mother when she picked him up from school on February 5, 2015.

9. Following this report to his mother, J.C. was examined by a pediatrician on February 6, 2015, and his parents kept him home from attending school in the District for the remainder of the 2014-2015 school year following the February 5, 2015 report.

10. On May 17, 2017, Plaintiffs filed a Due Process Complaint against the District alleging violations of IDEA and Section 504 of the Rehabilitation Act arising from the series of events described above and the District's alleged actions and inactions following J.C.'s report made to his teacher and mother on February 5, 2015.

11. The District's counsel and Plaintiffs' counsel entered into a Tolling Agreement prior to Plaintiffs' filing of their Due Process Complaint, and for purposes of that Tolling Agreement, the parties' agreed that the Plaintiffs would have a filing date of <u>February 17, 2017</u> for purposes of claims advanced in the Due Process Complaint.

12. In the present case, the Plaintiffs prevailed in their Due Process Complaint before the Hearing Officer as to their claims advanced under the IDEA and Section 504, <u>but by operation of the two-year statute of limitations their recovery was limited</u> to the period of time covering February 17, 2015 through the remainder of the 2014-2015 school year.

13. In the present suit, Plaintiffs are seeking to recover for claims for which they were barred to recover in the underlying Due Process case, and which are barred from recovery in this Court by reason of the application of the two-year statute of limitations.

14. While the District asserts that Counts V, VI and VIII of Plaintiff's Complaint should be dismissed because they assert claims which are time-barred, those three counts also attempt to state causes of action for violations of § 1983 by the District while advancing essentially the same claims as those made in their ADA and Section 504 claims

15. The law in this Circuit is settled that § 1983 claims cannot be used to redress alleged violations of Section 504 and the IDEA.

16. The Third Circuit, in *A.W. v. Jersey City Pub. Sch.*, 486 F.3d 791 (3d Cir. 2007), sided with those federal circuits which have held that § 1983 is not available as a vehicle to redress alleged IDEA claims:

> We agree with the reasoning of the Courts of Appeals for the Fourth and Tenth Circuits, to say nothing of that of the Supreme Court in *Smith,* regarding the comprehensive nature of the IDEA's remedial scheme. The holding in *Smith,* although superseded in part by the passage of § 1415(*l* ) of the IDEA, was not overruled to the extent that the Court found that the IDEA provides a comprehensive remedial scheme. Indeed, since *Smith,* the Court has continued to refer to the IDEA as an example of a statutory enforcement scheme that precludes a § 1983 remedy. *See Rancho Palos Verdes,* 544 U.S. at 121, 125 S.Ct. 1453; *Blessing v. Freestone,* 520 U.S. 329, 347–48, 117 S.Ct. 1353, 137 L.Ed.2d 569 (1997); *Wright v. Roanoke Redev. & Hous. Auth.,* 479 U.S. 418, 423–24, 427, 107 S.Ct. 766, 93 L.Ed.2d 781 (1987). The IDEA includes a judicial remedy for violations of any right "relating to the identification, evaluation, or educational placement of [a] child, or the provision of a free appropriate public education to such child." § 1415(b)(6). Given this comprehensive scheme, Congress did not intend § 1983 to be available to remedy violations of the IDEA such as those alleged by A.W.

*A.W. v. Jersey City Pub. Sch.,* 486 F.3d 791, 803 (3d Cir. 2007)

17. In the same case, the Third Circuit reviewed the legislative intent to provide remedies for violation of Section 504 and concluded that § 1983 cannot provide the basis for recovery of alleged Section 504 claims: "Accordingly, we conclude that § 1983 is not available to provide a remedy for defendants' alleged violations of [student's] rights under Section 504." *A.W. v. Jersey City Pub. Sch.*, 486 F.3d 791, 806 (3d Cir. 2007).

18. Accordingly, Count VI of Plaintiff's Complaint must be dismissed as a matter of law, and the references to § 1983 in Plaintiff's Complaint should be stricken.

19. Further, Plaintiffs' Complaint alleges two counts, Counts V and VI, which are foreclosed by the Third Circuit's decision in *Morrow v. Balaski*, 719 F.3d 160 (3rd Cir. 2013).

20. While Plaintiffs assert a claim in their Count V arising from a breach of an alleged special custodial relationship owed to J.C., the courts in this Circuit have held that the "special relationship" doctrine does not apply to create a cause of action for student-on-student harassment.

21. To prevail on the state-created danger theory, Plaintiffs must prove the following four elements: (1) the harm ultimately caused was foreseeable and fairly direct; (2) a state actor acted with a degree of culpability that shocks the conscience; (3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and (4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all. *Bright v. Westmoreland Cnty.*, 443 F.3d 276, 281 (3d Cir.2006).

22. Here, the Plaintiffs have alleged no affirmative act undertaken by any District employee, and their state-created danger claim should fail as a matter of law.

23. The Procedural Safeguards section under the IDEA states that a party seeking review of a Due Process Decision "shall have 90 days from the date of the decision of the hearing officer to bring such an action." 20 U.S.C.A. § 1415.

24. In the present case, Plaintiffs did not file their Complaint within the ninety (90) day period following the Hearing Officer's Decision.

**WHEREFORE**, Defendant Greensburg-Salem School District respectfully requests that its Motion be granted, and that the relevant counts of Plaintiff's Complaint as set forth above be dismissed.

    Respectfully submitted,

    ANDREWS & PRICE

By:   */s/ Russell Lucas*
    Patricia R. Andrews, Esquire
    PA I.D. #80458
    Russell Lucas, Esquire
    PA I.D. #78185
    Firm #549
    1500 Ardmore Boulevard
    Suite 506
    Pittsburgh, PA 15221
    (412) 243-9700
    Attorneys for the Defendant

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that a copy of the foregoing Defendant's Motion to Dismiss was sent to the party listed below by electronic filing this 11th day of March, 2019.

Kristen Weidus, Esquire
Ruder Law
429 Forbes Avenue, Suite 450
Pittsburgh, PA  15219

ANDREWS & PRICE

BY:  /s/ Russell Lucas, Esquire
Patricia R. Andrews, Esquire
PA I.D. #80458
Russell Lucas, Esquire
Pa. I.D. #78185

1500 Ardmore Boulevard
Suite 506
Pittsburgh, PA  15221
tandrews@andrewsandprice.com
rlucas@andrewsandprice.com
412-243-9700
412-243-9660 (FAX)